UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VICTOR ARIZA,**

    **Plaintiff,**

vs.                                                     **Case No. 6:22-cv-1953-ACC-EJK**

**WORLD MARKET OF FLORIDA, LLC.,
a/k/a WORLD MARKET LLC, a foreign
limited liability company,**

    **Defendant.**
_____/

**NOTICE OF FILING PLAINTIFF'S RESPONSES TO COURT INTERROGATORIES**

Plaintiff VICTOR ARIZA, through undersigned counsel and in compliance with this Court's dated October 28, 2022 [ECF No. 6], hereby gives notice of filing Plaintiff's Responses to Court Interrogatories attached as Exhibit "A".

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.**<br>Counsel for Plaintiff<br>4800 North Hiatus Road<br>Sunrise, FL 33351-7919<br>T. 954/362-3800<br>954/362-3779 (Facsimile)<br>Email: rhannah@rhannahlaw.com | **LAW OFFICE OF PELAYO DURAN, P.A.**<br>Co-Counsel for Plaintiff<br>4640 N.W. 7th Street<br>Miami, FL 33126-2309<br>T. 305/266-9780<br>305/269-8311 (Facsimile)<br>Email: pduran@pelayoduran.com |
| By___*s/ Roderick V. Hannah*___<br>    RODERICK V. HANNAH<br>    Fla. Bar No. 435384 | By ___*s/ Pelayo M. Duran*___<br>    PELAYO M. DURAN<br>    Fla. Bar No. 0146595 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of November, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Ezequiel J. Romero, Esq.
BRYAN CAVE LEIGHTON PAISNER LLP
200 South Biscayne Boulevard, Suite 400
Miami, FL  33131
(786) 322-7399
romeroe@bclplaw.com

*Attorneys for Defendant*
*WORLD MARKET OF FLORIDA, LLC*

                                          /s/ *Roderick V. Hannah*
                                            Roderick V. Hannah

## Exhibit "A"
## Plaintiff's Answers to Court Interrogatories

1.   Residence address.

**RESPONSE:**

**1451 North East 169th Street, Unit 102, Miami, Florida  33162**

2.   Name of current employer and place of employment.

**RESPONSE:**

**I am currently unemployed.**

3.   Date(s) and time(s) that you visited the facility.

**RESPONSE:**

**I visited the Defendant's website on my personal computer on September 16, 2022, during the daytime but I cannot recall the exact times.**

4.   Purpose of your visit(s) and duration of your stay(s).

**RESPONSE:**

**I have traditionally browsed websites, such as this one, for information regarding the company. I do it both as a potential customer and as a tester for website accessibility. The information I would research include:**

   a. **Business locations.**

   b. **Hours of operation.**

   c. **Product and service offerings.**

   d. **Pricing.**

   e. **Online purchasing.**

   f. **Coupons.**

(a) What is the proximity of the business to the plaintiff's home/place of employment?

**RESPONSE:**

**The website was and is available on my home laptop computer. The closest physical store of Defendant to my home is at 3227 Daniels Road, Winter Garden, Florida approximately 232 miles away. However, I visit the Orlando area and when I do I stay with a friend at 4143 Flying Fortress Avenue, Kissimmee, Florida, which is approximately 27.7 miles from Defendant's brick-and-mortar store. I plan on next visiting and staying with my fiend again during the week of November 21, 2022.**

(b) Describe the plaintiff's past patronage of the defendant's business.

**RESPONSE:**

**I have not previously visited the particular physical store in Orlando but have visited the website as mentioned above.**

(c) Describe the definiteness of the plaintiff's plans to return.

**RESPONSE:**

**See answer to Interrogatory 4(a) above. I plan to revisit the website as soon as the detailed access barriers described in the Complaint are remedied and/or removed. I also plan to make visits to the brick-and-mortar store in the near future when visiting the Orlando area after first utilizing the benefits available on the website without access barriers, including shopping and pre-shopping of available merchandise and securing exclusive discounts, which will make my visit to the store simpler, more convenient, and less of a stressful and frightening experience. I also plan to revisit the website in my capacity as a "tester".**

5.  Did anyone accompany you? If so, who?

**RESPONSE:**

**No.**

6.  Describe the nature of your disability.

**RESPONSE:**

**I have been blind and visually disabled in that I suffer from optical nerve atrophy, a permanent eye disease and medical condition that substantially and significantly impairs my vision and limits my ability to see. Because I am blind, I cannot use my computer without the assistance of appropriate and available screen reader software. Screen reader**

4

software translates the visual internet into an auditory equivalent. At a rapid pace, the software reads the content of a webpage to the user.

7.     Specifically list each of the architectural barriers which you personally observed or experienced at this facility.

**RESPONSE:**

No architectural barriers were personally observed as this is an inaccessible website case and not an architectural barrier case. When accessing the website, I encountered the following problems:

    (a) Home page button/ company logo was mislabeled.

    (b) Product prices and price ranges were not properly labeled.

    (c) Some products had multiple images of the item and they were mislabeled.

    (d) Inside the shopping cart in the Order Summary, the description had unnecessary wording such as rows and columns before the description, which was not clear. Also, the decrease button (-) was mislabeled.

    (e) Under Need Help in the footer, the Call Us link did not provide a telephone number; it was a link to make the call with your computer and not a telephone.

8.     Did you take notes or make a contemporaneous records of these barriers? If so, please attach a copy to these Answers.

**RESPONSE:**

I memorialized these events by executing a sworn declaration, a copy of which is attached as Exhibit "1". In addition, my counsel retained an expert, Robert D. Moody, who independently visited the website shortly after I visited it and confirmed that the same access barriers that I had encountered existed. The Declaration of Mr. Moody is attached as Composite "A" to the Complaint [see ECF No. 1-3].

9.     Please list any other Title III cases in which you have been a party in this District.

**RESPONSE:**

*Victor Ariza v. RTK Investments, Inc. d/b/a Beachworks* – U.S. District Court for the Middle District of Florida Case No. 2:22-cv-00502-JLB-NPM. Still pending.

*Victor Ariza v. Beach Daisy Marco Inc.* – U.S. District Court for the Middle District of Florida Case No. 2:22-cv-00522-SPC-NPM. Dismissed on October 3, 2022.

_____
VICTOR ARIZA


STATE OF FLORIDA        )
                        ) ss:
COUNTY OF MIAMI-DADE    )

The foregoing instrument was acknowledged before me by means of __X__ physical presence or ____ online notarization, by VICTOR ARIZA, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me by means of __X__ physical presence or ____ online notarization, on this 10th day of November, 2022.

NOTARY PUBLIC

Notary Stamp

MARISOL PEREZ
Notary Public - State of Florida
Commission # HH 292500
My Comm. Expires Jul 25, 2026
Bonded through National Notary Assn.

_____
Signature of Person Taking Acknowledgment
Print Name: Marisol Perez
Title: Notary Public
Serial No. (If any):
Commission Expires: 7/25/26